NO. 07-05-0074-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 30, 2005

_____

IN THE MATTER OF N. J. R., A MINOR CHILD

_____

FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;

NO. J-19073; HONORABLE W. JEAN MEURER, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Appellant N.J.R., a juvenile, perfected this appeal to challenge the trial court's order modifying her probation and committing her to the Texas Youth Commission for an indeterminate period of time not to exceed the time when she reaches age 21. The reporter's record was filed on March 9, 2005. By letter dated March 10, 2005, this Court notified Amalia Rodriguez-Mendoza, the Travis County District Clerk, that the clerk's record was due on March 3, 2005, but had yet to be filed. The District Clerk was further notified

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

that in the event the record could not be immediately filed, she was to complete and return an enclosed form for an extension of time. Ms. Rodriguez-Mendoza did not respond and the clerk's record remains outstanding. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(1).

Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal;

2. whether appellant's retained counsel has requested preparation of the clerk's record and made arrangements to pay; and if so,

3. when the District Clerk of Travis County anticipates filing the clerk's record in this Court.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, April 29, 2005.

It is so ordered.

Per Curiam

2